**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC ACUNA, a minor, by and through his guardian ad litem, ADRIANA ACUNA, LEOBARDO ACUNA and ADRIANA ACUNA, Individually,<br><br>　　　　Plaintiffs,<br>　v.<br><br>COUNTY OF KERN, dba KERN MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | NO. 1:10-CV-00734 AWI JLT<br><br>ORDER GRANTING MOTION TO DISMISS AND REMANDING ACTION TO THE KERN COUNTY SUPERIOR COURT<br><br>(Document #3) |

**BACKGROUND**

On October 30, 2009, Plaintiffs filed a complaint in the Superior Court of the State of California for the County of Kern. The complaint names the County of Kern, Clinica Sierra Vista ("Clinica"), Chibuike Enyereibe Anucha, M.D., and Karen E. Berk, R.N. as Defendants. The complaint alleges negligence by Defendants in their medical treatment of Adriana Acuna and Isaac Acuna.

On April 27, 2010, the United States removed this action to the United States District Court for the Eastern District of California. In the notice of removal, the United States provides evidence that it is the proper Defendant instead of Defendants Clinica, Anucha, and Berk because Clinica is a federally funded healthcare facility. As such, this court has jurisdiction over any tort claims alleged against Defendants Clinica, Anucha, and Berk pursuant to 28 U.S.C. § 1346(b).

On May 4, 2010, the United States filed a motion to dismiss.  The United States contends that Plaintiffs have failed to comply with the Federal Tort Claims Act ("FTCA").

On June 1, 2010, Plaintiffs filed a notice of non-opposition to the motion to dismiss. Plaintiffs concede that they did not comply with the FTCA.  Plaintiffs agree that Defendants Clinica, Anucha, and Berk should be dismissed without prejudice.

## DISCUSSION

Title 42 U.S.C. § 233(a) provides that the FTCA is the exclusive remedy against the United States for personal injury arising from actions by members of the Public Health Service. The FTCA's coverage extends to employees of designated federally supported medical clinics. 42 U.S.C. § 233(g).   Section 233(c) provides for the removal of state court actions brought against entities and their contracting physicians and health care providers who are deemed employees of the federal Public Health Service.   In this action, the United States has provided evidence that Defendant Clinica is a federally supported medical clinic and Defendants Anucha, and Berk were employees of a federally supported medical clinic.  Thus, Section 233 applies to this action, and Plaintiffs are required to comply with the FTCA.

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a). The exhaustion requirement is jurisdictional and must be interpreted strictly.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).   To meet the exhaustion requirement, a claimant must have presented the claim in a timely manner to the "appropriate Federal agency." 28 U.S.C. § 2675(a).   Plaintiffs and the United States agree that Plaintiffs have not complied with the FTCA.   Accordingly, this court lacks jurisdiction to address Plaintiffs' claims concerning Defendants Clinica, Anucha, and Berk.

This action was removed to this court because the claims against Defendants Clinica, Anucha, and Berk are really claims against the United States.   Any civil action brought in a State court of which a federal court has original jurisdiction may be removed. 28 U.S.C. § 1441(a).

However, "[i]f at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). In light of the dismissal of Defendants Clinica, Anucha, and Berk, this court's sole basis for jurisdiction is no longer part of this action. The remaining claims against Defendant County of Kern will be remanded back to the Superior Court.

**ORDER**

Accordingly the court ORDERS that:

1. The United States' motion to dismiss is GRANTED;
2. Defendants Clinica, Anucha, and Berk are DISMISSED from this action without prejudice; and
3. The Clerk of the Court is DIRECTED to remand this action to the Superior Court of California for the County of Kern.

IT IS SO ORDERED.

Dated:   **June 15, 2010**          **/s/ Anthony W. Ishii**
                                       CHIEF UNITED STATES DISTRICT JUDGE

3